UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| Westinghouse Electric Company, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | No. 4:03CV000861-SNL |
| ) | |
| ) | |
| United States of America, et al. ) | |
| ) | |
| Defendants. ) | |

**NOTICE OF WITHDRAWAL OF MOTION FOR**
**SUMMARY JUDGMENT ON CERCLA § 107 CLAIM**

Defendants Chevron U.S.A. Inc., Valley Pines Associates, Mallinckrodt Inc., and United Nuclear Corporation (the "Non-Governmental Defendants"), hereby withdraw, without prejudice, their motion for summary judgment on Westinghouse's alleged claim under section 107 of CERCLA. By way of explanation, the Non-Governmental Defendants state as follows.

1.  Count I of Westinghouse's complaint seeks relief under both section 107 of CERCLA and section 113 of CERCLA.

2.  The Non-Governmental Defendants have moved for summary judgment on Count I in its entirety. That motion, which has been fully briefed, addresses both section 107 of CERCLA and section 113 of CERCLA.

3.  On August 11, 2006, the Eighth Circuit issued its decision in *Atlantic Research Inc. v. United States,* 2006 WL 2321185 (8th Cir. Aug. 11, 2006). The court

of appeals wrote: "We hold that a private party which voluntarily undertakes a cleanup for which it may be held liable, <u>thus barring it from contribution under CERCLA's § 113</u>, may pursue an action for direct recovery or contribution under § 107, against another liable party." *Id.* at *9 (emphasis supplied).  On the other hand, private parties who have been the subject of government enforcement actions, and so have recourse to section 113 claims, "are still required to use §113, thereby ensuring its continued vitality." *Id.* at *8.  In other words, *Atlantic Research* makes section 107 claims available only to volunteers who have no section 113 claims. *Id.* at *1 n.4.

4. The Eighth Circuit's decision in *Atlantic Research* is likely to affect the future course of this litigation.  In particular, it will shed light on whether Westinghouse is entitled to proceed under section 107 of CERCLA.

5. Under *Atlantic Research,* the availability of a section 107 claim depends upon the plaintiff having no recourse to section 113.  *Id.* at *1 n.4 & *8-*9 (plaintiffs with section 113 claims "are still required to use § 113 . . . .").  Thus, the section 113 issues in this litigation should logically be addressed first, before any further consideration of Westinghouse's alleged section 107 claim.  Accordingly, the Non-Governmental Defendants hereby withdraw without prejudice their motion for summary judgment on Count I insofar as it pertains to section 107.[1]

6. Any further motions practice or judicial consideration of Westinghouse's alleged section 107 claim should await the Court's disposition of the two pending

---

[1] This withdrawal affects the following portions of memoranda submitted by the Non-Governmental Defendants:  Memorandum in Support of Motion for Summary Judgment (Docket No. 123-1), Section III-B, pp. 6-16; Reply to Westinghouse's Opposition to Motion for Summary Judgment (Docket No. 151), Section III, pp. 20-37; and Reply to Westinghouse's Surreply (Docket No. 160), Section II, pp. 9-15.

motions that address section 113.[2]  Those motions are (a) Missouri's motion to enter the proposed consent decree in *State of Missouri v. Westinghouse Electric Company LLC,* No. 05-CV-00315, and (b) the Non-Governmental Defendant's pending Motion for Summary Judgment on Count I (insofar as it pertains to section 113.)  Both motions have been fully briefed.[3]

7.  Because Westinghouse's section 113 claim rests primarily upon the litigation initiated by the Missouri Attorney General (No. 4:05-CV-00315 SNL), the Non-Governmental Defendants respectfully suggest that the Court may wish to rule first on Missouri's pending Motion to Enter Consent Decree.  That ruling would likely affect Westinghouse's alleged claim under section 113, which is addressed at length in the pending Motion for Summary Judgment.

8.  Once the Court resolves these two pending motions, the parties will better be able to determine whether Westinghouse has a valid section 113 claim.  Under *Atlantic Research,* that fact is critical in determining whether Westinghouse has a section 107 claim.

9.  The Non-Governmental Defendants reserve their right to again seek summary judgment, in whole or in part, on Westinghouse's alleged section 107 claim,

---

[2]  Prior to *Atlantic Research,* Westinghouse had proposed supplemental briefing on the § 107 case law that had developed in other jurisdictions.  This Court initially permitted such briefing, but then stayed its action by Order dated July 28, 2006, and no schedule was ever set.  The proposed briefing is now moot, in light of the Eighth Circuit's ruling and today's withdrawal of the pending motion on § 107 issues.  However, in the event Westinghouse files a supplemental brief, the Non-Governmental Defendants reserve their right to file an appropriate response.

[3]  The § 113 issues are addressed in 3 memoranda of law submitted by the Non-Governmental Defendants:  Memorandum in Support of Motion for Summary Judgment (Docket No. 123-1), Section III-C, pp. 16-24; Reply to Westinghouse's Opposition to Motion for Summary Judgment (Docket No. 151), Sections I and II, pp. 8-20; and Reply to Westinghouse's Surreply (Docket No. 160), Section I, pp. 1-9.

3

based upon this Court's rulings and upon the continuing development of this highly unsettled area of federal law.

        Respectfully submitted,

By: ___/s/ Michael H. Wetmore___
Michael H. Wetmore, E.D. Mo. # 5994
HUSCH AND EPPENBERGER LLC
190 Carondelet Plaza, # 600
St. Louis, MO  63105
314.480.1500
314.480.1505 Facsimile

By: ___/s/ Michael W. Steinberg___
Michael W. Steinberg
Patrick D. Conner
Alex S. Polonsky
(*admitted pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Ave., N.W.
Washington, D.C.  20004
202.739.5141
202.739.3001 Facsimile

**ATTORNEYS FOR
UNITED NUCLEAR CORPORATION**

By: ___/s/ Daniel E. Vineyard___
Daniel E. Vineyard
Texas State Bar No. 00792046
CONNELLY BAKER MASTON WOTRING
 JACKSON LLP
700 Louisiana, Suite 1850
Houston, Texas  77002-2778
Telephone:  (713) 980-1728
Facsimile:  (713) 980-1701

        John E. Galvin, #36249
        Richard B. Korn, #54570
        FOX GALVIN, LLC
        One Memorial Drive, Eighth Floor
        St. Louis, MO  63102
        Telephone: (314)588-7000
        Facsimile: (314)588-1965

        **ATTORNEYS FOR**
        **CHEVRON U.S.A. INC. AND**
        **VALLEY PINES ASSOCIATES**


        By:   /s/ Peter S. Strassner
        Peter S. Strassner #88939
        Joseph M. Kellmeyer, #60726
        Paul T. Sonderegger, #109687
        THOMPSON COBURN
        One U.S. Bank Plaza
        St. Louis, MO  63101
        314-552-6000
        314-552-7000 (fax)

        **ATTORNEYS FOR MALLINCKRODT INC**.

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing instrument was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system and was forwarded this 22nd day of August, 2006, as indicated below to:

Shelley A. Woods, Esq.
shelley.woods@ago.mo.gov
Assistant Attorney General
Attorney General of Missouri
221 West High Street
Jefferson City, MO 65102-0899
Attorneys for State of Missouri

C. Shawn Dryer, Esq.
Sdryer@bcca.com
Babst and Calland
Two Gateway Center, 8th Floor
Pittsburgh, PA 15222
Attorneys for Westinghouse Electronic Company, LLC

Eric Hostetler, Esq.
eric.hostetler@usdoj.gov
Ammie Roseman-Orr, Esq.
Ammie.roseman-orr@usdoj.gov
Jessica O'Donnell, Esq.
Jessica.odonnell@usdoj.gov
U.S. Department of Justice
P. O. Box 23986
Washington, D.C. 20026
Attorneys for United States of America

      /s/ Michael H. Wetmore             .