# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| WESTINGHOUSE ELECTRIC COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 4:03CV861 SNL |
| UNITED STATES OF AMERICA, et al., | ) ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION**

Plaintiff currently owns a site previously owned by or used by defendants for processing nuclear fuel. The site is heavily polluted, and plaintiff has incurred costs as a result of the pollution. Plaintiff brought this action under § 107 and § 113 of the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. § 9601 *et seq.* ("CERCLA"), for cost recovery and contribution. Several of the defendants have moved for summary judgment, arguing that plaintiff may not bring or maintain a § 113(f) contribution action in the absence of a pending § 107 suit, without having established liability in a former § 107 suit, or in the absence of an administrative or judicially approved settlement under CERCLA. Plaintiff argues that it has four grounds for bringing a § 113(f) contribution action: it entered into an agreement with the State of Missouri in 2002 to clean up the site; it has been sued twice by the State

of Missouri under § 107, although both actions were dismissed without establishing liability; and a state court recently entered a consent decree, which purports to establish CERCLA liability. After reviewing the case, the Court finds for defendants. The statutory requirements for bringing a § 113(f) contribution action have not been met, and the Court will enter summary judgment in favor of defendants on plaintiff's § 113(f) contribution claim.

## BACKGROUND

Plaintiff is Westinghouse Electric Company ("Westinghouse"). Defendants are the United States of America ("United States"), Mallinckrodt, Inc. ("Mallinckrodt"), United Nuclear Corporation ("United Nuclear"), Chevron U.S.A., Inc. ("Chevron"), and Valley Pine Associates ("Valley Pine").

Westinghouse brought this suit on June 26, 2003. Westinghouse has filed two amended complaints since then, with the most recent having been filed on December 20, 2004. Westinghouse's Second Amended Complaint pled four counts: Count I alleged liability under § 107 and § 113 of CERCLA, Count II alleged a claim for strict liability, Count III alleged a claim for state law contribution, and Count IV alleged a claim for declaratory relief. The Court has previously dismissed Counts II and III for failure to state a claim upon which relief can be granted.

Since the filing of this action, two separate lawsuits have been filed, both of which are relevant to the disposition of the instant motion for summary judgment. First, on September 26, 2003, the State of Missouri brought an action against Westinghouse, the United States, United Nuclear, Mallinckrodt, and Chevron to recover damages for injury to Missouri's natural resources (the "2003 case"). Missouri v. United States, 4:03CV1381 MLM (E.D. Mo.). This Court dismissed that action without prejudice on March 11, 2004, because Missouri failed to timely comply with Rule 4(m) of the Federal Rules of Civil Procedure. Second, on February 18, 2005, the State of Missouri brought an action against Westinghouse under § 107 of CERCLA (the "2005 case"). Missouri v. Westinghouse, 4:05CV315 SNL (E.D. Mo.). Westinghouse never filed an answer to the complaint. Instead, the parties notified the Court that they were negotiating a settlement and that they would file a proposed consent decree. The parties filed their proposed consent decree on July 20, 2005. Shortly thereafter, defendants in this case moved to intervene in the 2005 case. On October 13, 2005, the Court granted the motions to intervene. Briefing followed. On January 22, 2007, the Court denied Missouri and Westinghouse's proposed consent decree because it sought "to regulate the safety of a site that contains nuclear contamination – a field that is completely pre-empted by the Atomic Energy Act." On June 3, 2008, Missouri and Westinghouse filed a Notice of Settlement. And on July 11, 2008, Missouri and

Westinghouse submitted a Stipulation of Dismissal, voluntarily dismissing the action pursuant to Rule 41(a)(1)(A)(ii), without cost to either party.

On January 19, 2005, Mallinckrodt, United Nuclear, Chevron, and Valley Pines (collectively, the "Non-Governmental Defendants") filed the instant motion for summary judgment. The Non-Governmental Defendants initially moved for summary judgment on both the § 107 and § 113(f) claims as well as the claim for declaratory relief. Disposition of the instant motion has been delayed for several reasons. First, the briefing was extensive. Second, the proposed consent decree in the 2005 case was relevant to the disposition of the instant motion, and the Court found it necessary to decide whether the consent decree should be entered before deciding the instant motion. And third, the parties and the Court were awaiting the decision of the United States Court of Appeals for the Eighth Circuit in Atlantic Research Corp. v. United States, 459 F.3d 827 (8th Cir. 2006), aff'd United States v. Atlantic Research Corp., 127 S. Ct. 2331 (2007). It was anticipated that the issues in Atlantic Research would impact the Court's consideration of the instant motion.

The anticipation proved correct. On August 22, 2006, the Non-Governmental Defendants filed their Notice of Withdraw of Motion for Summary Judgment on CERCLA § 107 Claim. The Notice states:

> Under Atlantic Research, the availability of a section 107 claim depends upon the plaintiff having no recourse to section 113. . . . Thus, the section 113 issues in this litigation should logically be addressed first, before any further consideration of Westinghouse's alleged section 107 claim. Accordingly, the Non-Governmental Defendants hereby withdraw without prejudice their motion for summary judgment on Count I insofar as it pertains to section 107.[1]

Recently, after the 2005 case was dismissed, the Court requested that the parties file one-page memos describing how the settlement of the 2005 case may have affected the instant motion for summary judgment. The parties replied accordingly, and in doing so, informed the Court that Westinghouse and Missouri filed a consent decree in the Circuit Court for Jefferson County, Missouri, on June 3, 2008. The state court judge presiding over the case signed the consent decree the same day it was filed. State ex rel. Nixon v. Westinghouse Electric Company, LLC, Case No. 08JE-CC00856. The Non-Governmental Defendants have since filed a motion in the state court to intervene in the case and to set aside the consent decree.

The state court consent decree purports to settle certain matters under CERCLA. For example, in paragraph 75 the consent decree states that Westinghouse is entitled to contribution protection under § 113 of CERCLA. And in paragraph 38 it purports

---

[1]Because the Non-Governmental Defendants have withdrawn their motion as to Westinghouse's § 107 claim, they have withdrawn their motion as to Westinghouse's claim for declaratory relief as well. As a result, the only remaining question is whether the Court should grant summary judgment on Westinghouse's § 113(f) contribution claim.

to find activities to be conducted by Westinghouse to be consistent with the National Contingency Plan.

## STANDARD

The Court must grant summary judgment if, based upon the pleadings, admissions, depositions and affidavits, there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "Where the unresolved issues are primarily legal rather than factual, summary judgment is particularly appropriate." Cearley v. General Am. Transp. Corp., 186 F.3d 887, 889 (8th Cir. 1999).

## DISCUSSION

As is stated above, the issue before the Court is relatively simple and straightforward: whether Westinghouse may bring or maintain a § 113(f)[2] contribution claim in the absence of a pending § 107[3] suit, without having established liability in a former § 107 suit, or in the absence of an administrative or judicially approved settlement under CERCLA. The answer is that it may not.

"Section 113(f)(1) specifies that a party may obtain contribution 'during or following any civil action' under CERCLA § 106 or § 107(a)." Cooper Industries, Inc.

---

[2]Codified at 42 U.S.C. § 9613(f).

[3]Codified at 42 U.S.C. § 9607.

v. Aviall Services, Inc., 543 U.S. 157, 160-161 (2004). Additionally, the Supreme Court of the United States held in Cooper that § 113(f)(1) authorizes contribution actions *only* where the party bringing the action had been subject to a civil action under § 106 or § 107. Id. at 166. If a party has not been sued pursuant to § 106 or § 107, or "if a judgment . . . never occurs," then the party may not bring or maintain a contribution action under § 113(f)(1). Id. at 167. In a later case, the Court explained that liability is central to the idea of contribution: "§ 113(f)(1) permits suit before or after the establishment of common liability[, and] a [party's] right to contribution under § 113(f)(1) is contingent upon an inequitable distribution of common liability among liable parties." United States v. Atlantic Research Corp., 127 S. Ct. 2331, 2338 (2007).

Section 113(f)(3)(B) permits a party to seek contribution after it "has resolved its liability to the United States or a State . . . in an administrative or judicially approved settlement . . ." 42 U.S.C. § 9613(f)(3)(B). Specifically, resolution of CERCLA liability is a prerequisite to bringing a suit under § 113(f)(3)(B). Consolidated Edison Co. of New York, Inc. v. UGI Utilities, Inc., 423 F.3d 90, 95-96 (2nd Cir. 2005); W.R. Grace & Co. v. Zotos Int'l, Inc., 2005 WL 1076117 *7 (W.D.N.Y. May 3, 2005) ("Just as a party must be sued under CERCLA before it can maintain a section

113(f)(1) contribution claim, it must settle CERCLA liability before it can maintain a claim under section 113(f)(3).").

Westinghouse argues that there are four separate events giving rise to a contribution action under § 113(f): (1) Missouri and Westinghouse entered into a written agreement in 2002 (the "Letter of Agreement" or "Letter"); (2) the filing of the 2003 case; (3) the filing of the 2005 case; and (4) the state court consent decree entered July 3, 2008. The Court will discuss each of these events below.

1. The 2002 Letter of Agreement is not an "Administrative Settlement" Under § 113(f)(3)(B)

On April 15, 2002, Missouri and Westinghouse entered into an agreement and formalized it in a Letter of Agreement. The Letter states that it "shall form the basis for payment . . . of certain negotiation and oversight costs . . . until such time as the [Missouri Department of Natural Resources] and Westinghouse reach a more definitive agreement . . ." regarding the Hematite site. The Letter goes on to describe how Westinghouse and Missouri intend to conduct clean up operations of the site. The Letter concludes by stating that the parties are bound by the terms of the Letter "until such time as either party advises the other that it is terminating the Letter of Agreement."

The Non-Governmental Defendants argue that the Letter of Agreement is not an administrative settlement under § 113(f)(3)(B) because it does not settle CERCLA liability and because it is not a settlement at all. The Non-Governmental Defendants are correct.

First, by its own terms, the Letter of Agreement does not purport to settle CERCLA liability. More importantly, however, the Letter cannot settle any CERCLA liability because the State of Missouri "has no CERCLA authority absent specific agreement with the federal Environmental Protection Agency." Niagara Mohawk Power Corp. v. Consolidated Rail Corp., 436 F. Supp. 2d 398, 402 (N.D.N.Y. 2006). As a result, the Letter is not an administrative settlement under § 113(f)(3)(B) as a matter of law.

The Non-Governmental Defendants second point is valid as well. By its own terms, the parties to the Letter can terminate the agreement at any time. In consequence, it is not a "settlement" because it does not "end[] a dispute or lawsuit." Black's Law Dictionary 1405 (8th ed. 2004).

    2.    <u>Neither the 2003 Case nor the 2005 Case can Give Rise to a § 113(f)(1) Contribution Claim Because Both Cases were Dismissed Without Establishing any Liability</u>

As is stated above, the Court dismissed the 2003 case because Missouri failed to comply with Rule 4(m) of the Federal Rules of Civil Procedure. And Missouri and

Westinghouse voluntarily dismissed the 2005 case pursuant to Rule 41(a). In neither case was any liability established.

Westinghouse argues that liability is not a prerequisite to bringing a § 113(f)(1) action because that section contemplates bringing a contribution claim "during" a civil action, that is, before liability has been established. While this is correct for the case in which a civil action pursuant to § 106 or § 107 is pending, it makes no sense to apply this rule where the civil action has been dismissed. CERCLA liability must have been established in a qualifying civil action for a party to either bring or maintain a § 113(f)(1) claim after that civil action has closed. See <u>Atlantic Research</u>, 127 S. Ct. at 2338. Put another way, if a party is sued pursuant to § 106 or § 107 but a "judgment . . . never occurs," then the party may not bring or maintain a contribution action under § 113(f)(1). See <u>Cooper Industries</u>, 543 U.S. at 167. Both the 2003 and 2005 cases were dismissed without establishing liability. As a result, neither case can provide the basis for a § 113(f)(1) contribution claim.

> 3. <u>The State Court Consent Decree Is Not a "Judicially Approved Settlement" Under § 113(f)(3)(B)</u>

Section 113(b) provides that "the United States district courts shall have exclusive original jurisdiction over all controversies arising under [CERCLA] . . ." 42 U.S.C. § 9613(b). And as is stated above, the State of Missouri has no CERCLA

authority absent express delegation by the EPA. <u>Niagara Mohawk Power</u>, 436 F. Supp. 2d at 402. Therefore, to the extent that the state court consent decree purports to establish CERCLA liability, it is null and void. As a result, the state court consent decree is not a judicially approved settlement under § 113(f)(3)(b).

For each of these reasons, Westinghouse's § 113(f) contribution claim fails as a matter of law, and the Non-Governmental Defendants shall have summary judgment on this claim.

Dated this <u>29th</u> day of July, 2008.

*/s/ Stephen N. Limbaugh*
_____
SENIOR UNITED STATES DISTRICT JUDGE