IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WESTINGHOUSE ELECTRIC COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA; MALLINCKRODT, INC. (formerly known as Mallinckrodt Chemical Works and Mallinckrodt Nuclear Corporation); UNITED NUCLEAR CORPORATION; CHEVRON U.S.A., INC. (formerly known as Gulf Oil Corporation); and VALLEY PINES ASSOCIATES (formerly known as General Atomic Company), <br><br> Defendants. | Civil Action No. 4:03-CV-00861(CDP) <br><br> *Ordered as modified* <br> *Catherine D Perry* <br> *1/21/09* |

## STIPULATED PROTECTIVE ORDER GOVERNING SAFEGUARDS INFORMATION

WHEREAS, Section 147 of the Atomic Energy Act of 1954, as amended, 42 U.S.C. § 2167, provides that the Nuclear Regulatory Commission ("NRC") shall prescribe regulations to prohibit the unauthorized disclosure of Safeguards Information;

WHEREAS, the NRC on October 24, 2008, promulgated revised regulations governing the handling of Safeguards Information associated with the security of radioactive materials ("Protection of Safeguards Information, Final Rule" 73 Fed. Reg. 63,546 (hereinafter "the Safeguards Final Rule"));

WHEREAS, resolution of the claims in this Action may require production and use of

1

documents that may contain Safeguards Information;

WHEREAS, this Protective Order will promote the efficient exchange of documents that contain Safeguards Information, while restricting access to Safeguards Information to persons with a need-to-know for purposes of this litigation;

IT IS HEREBY STIPULATED AND ORDERED THAT:

(1) This Stipulation and Order shall govern the Parties' use and handling of all Safeguards Information in this litigation.

## Definitions

(2) The following definitions apply to this Protective Order

(a) "Counsel" includes Counsel of Record, and any other attorney serving on behalf of a party in this Action, and any paralegal, stenographic or clerical employee, or other support personnel engaged by a party, attorney, law firm, or corporate legal department to provide services in this Action.

(b) "Counsel of Record" means attorneys who have entered an appearance with the Court in this Action.

(c) "Parties" means any party named in this Action.

(d) "Safeguards Information" shall be defined as set forth in the Safeguards Final Rule (*see* 73 Fed. Reg. 63,574) and means "information not classified as National Security Information or Restricted Data which specifically identifies a licensee's or applicant's detailed control and accounting procedures for the physical protection of special nuclear material in quantities determined by the [Nuclear

2

Regulatory] Commission through order or regulation to be significant to the public health and safety or the common defense and security; detailed security measures (including security plans, procedures and equipment) for the physical protection of source, byproduct, or special nuclear material in quantities determined by the Commission through order or regulation to be significant to the public health and safety or the common defense and security; security measures for the physical protection of and location of certain plant equipment vital to the safety of production or utilization facilities; and any other information within the scope of Section 147 of the Atomic Energy Act of 1954, as amended, the unauthorized disclosure of which, as determined by the Commission through order or regulation, could reasonably be expected to have a significant adverse effect on the health and safety of the public or the common defense and security by significantly increasing the likelihood of sabotage or theft or division of source, byproduct, or special nuclear material." Without limiting the scope of such definition, Safeguards Information includes drafts, notes of counsel and expert witnesses, and similar writings containing Safeguards Information.

## General Provisions

(3) A copy of this Protective Order shall be maintained at all times during the pendency of this litigation by Counsel of Record, who shall furnish their respective clients with a copy of this Order.

(4) After entry of this Order and prior to being given access to any Safeguards Information in connection with this litigation, any person who is qualified to access such

3

information under paragraphs 5 and 6 shall receive a copy of this Protective Order and execute the Confidentiality and Non-Disclosure agreement, in the form attached, to comply with the terms of this Order. After the Confidentiality and Non-Disclosure Agreements are executed, the originals shall be filed with the Office of General Counsel, NRC, c/o Charles Mullins, Senior Attorney, or such individual as may be subsequently designated by the NRC. Nothing in this Protective Order precludes any Party from asserting any defense in any proceeding brought to enforce the provisions of this Order.

### Access to Safeguards Information

(5) Access to each document containing Safeguards Information in connection with this litigation shall be restricted to those individuals who have a "need to know." For purposes of this Order, "need to know" shall be defined to include (a) those individuals having a "need to know" within the definition of that term set forth in the Safeguards Final Rule (*see* 73 Fed. Reg. 63,573), (b) Counsel, (c) fact and expert witnesses in this case, and (d) Court personnel.

(6) Access to Safeguards Information in connection with this litigation shall be further restricted to individuals who have an active Federal Security clearance.

(7) Access to Safeguards Information pursuant to this Protective Order shall only be had for the sole purpose of litigating the above-captioned Action (including preparation for trial, settlement, mediation, trial or any appeals therefrom).

### Prohibitions

(8) Persons who receive any Safeguards Information in connection with this litigation shall maintain its confidentiality as required by the Safeguards Final Rule and the attached

Confidentiality and Non-Disclosure Agreement, the terms of which are hereby incorporated in this Protective Order.

(9) Safeguards Information shall not be used except as necessary for the conduct of this proceeding and shall not be disclosed in any manner except to persons with a "need to know" as defined in Paragraph 5 and who meet the reliability and trustworthiness criteria in Paragraph 6.

### Handling and Storage of Safeguards Information

(10) Persons who have access to Safeguards Information pursuant to this Order have a continuing obligation to protect Safeguards Information in their possession and control to prevent inadvertent release and unauthorized disclosure. Safeguards Information must be withheld from public disclosure and must be physically controlled and protected as specified by 10 C.F.R. 73.21 and 73.22, as amended by the Safeguards Final Rule. Protection requirements specified in 10 C.F.R. 73.21 and 73.22 (as amended by the Safeguards Final Rule), include (1) secure storage requirements, (2) document marking requirements, (3) restrictions on access, (4) reproduction requirements, (5) transmission requirements, and (6) controls for information processing on electronic systems.

### Court Filings

(11) Documents that contain Safeguards Information may be filed with the Court only under seal. Court documents that contain Safeguards Information that are filed under seal are exempt from the electronic filing requirement in Local Rule 2.10. *Papers filed under seal will be the official court record and will be maintained by the clerk in paper form.*

(12) Court Documents to be filed under seal shall be placed in sealed inner envelopes or other containers. The outside of the inner envelope or container shall contain:

5

(i) the words "Safeguards Information subject to Protective Order, Civ. Action No. 4:03-00861";

(ii) the name of the party on whose behalf the information is being filed, the names of at least one Counsel of Record for that party; and

(iii) the following statement:

"This envelope or other container contains Safeguards Information and is subject to Protective Order, Civ. Action No. 4:03-00861, United States District Court for the Eastern District of Missouri, Eastern Division. It is not to be opened nor its contents displayed or revealed except by the Court, by Court Order or by stipulation of all the parties to this action and the United States Government."

The inner envelope of Court filings shall then be placed in a separate outer envelope as provided in Paragraph 13, below.

(13) Once sealed as provided in Paragraph 12, inner envelopes shall be placed in a separate, opaque, outer envelope or other container for mailing. Court filings shall be either hand-delivered to the Court, or mailed by Registered U.S. Postal Service (return receipt requested) or by overnight delivery service (e.g., Federal Express).

6

### Prior Releases

(14) The terms of this Protective Order apply to protected Safeguards Information notwithstanding any prior releases in which this information was treated as public. A public release of protected Safeguards Information before this Protective Order became effective shall not serve as grounds for subsequent distribution of protected information to unauthorized persons.

### Termination of the Action

(15) Within 60 days of the final determination of this action, including any appeals, the Parties shall return Safeguards Information to the party that produced them, or shall destroy the Safeguards Information, except that copies of filings, official transcripts, and exhibits in this proceeding that contain Safeguards Information, and notes of protected Safeguards Information may be retained, if they are maintained in a secure place as set forth in Paragraph 10. Within such time period, each party shall also submit to the producing party an affidavit stating that, to the best of its knowledge, all protected Safeguards Information and all notes of protected Safeguards Information have been returned or have been destroyed or will be maintained in accordance with the above. To the extent Safeguards Information is not returned or destroyed, it shall remain subject to the provisions of this Protective Order. *The parties must comply with Local Rule 13.05(A)(2), but the Clerk will not place documents in the public file unless specifically ordered to do so.*

### Loss of Safeguards Information

(16) Counsel, consultants or any other individual representing a party who has reason to suspect that Safeguards Information may have been lost or stolen or that Safeguards Information has otherwise become available to unauthorized persons during the pendency of the proceeding shall notify the NRC Operations Center at 301-816-5100 promptly of those

7

suspicions and the reasons for them.

(17) The NRC has determined that the unauthorized release of Safeguards Information could reasonably be expected to have a significant adverse effect on the health and safety of the public or the common defense and security by significantly increasing the likelihood of theft, diversion, or sabotage of nuclear material or a facility. *See* 73 Fed. Reg. 63,548. Violations of Safeguards Information handling and protection requirements, whether those specified in 10 C.F.R. Part 73 or those imposed by order, are subject to applicable civil and criminal sanctions. *See* 73 Fed. Reg. 63,547.

Dated: 1/21/09

BY THE COURT:

_____

Judge Catherine D. Perry

CONFIDENTIALITY AND NON-DISCLOSURE AGREEMENT

Under penalty of perjury, I hereby certify my understanding that access to Safeguards Information is provided to me pursuant to the terms and restrictions of the Protective Order entered by the Honorable Catherine D. Perry, United States District Court for the Eastern District of Missouri in <u>Westinghouse Electric Company v. United States, et al.</u>, Civil Action No. 4:03-CV-00861. I hereby certify that I have been given a copy of and have read this Protective Order, and that I agree to be bound by and comply with the provisions thereof and irrevocably consent to the jurisdiction of the United States District Court for the Eastern District of Missouri for purpose of complying with this Protective Order. I understand that a violation of this declaration and Protective Order, which incorporates the terms of this declaration, constitutes a violation of a court order and may result in the imposition of sanctions as the Court may deem to be appropriate, including, but not limited to, referral of the violation to other disciplinary authorities. I understand that violations of NRC regulations applying to protection of Safeguards Information, whether specified in 10 C.F.R. part 73 or imposed by this order, are subject to applicable civil and criminal sanctions.

WHEREFORE, I do solemnly agree to protect such Safeguards Information as may be disclosed to me in this proceeding, in accordance with the terms of this declaration.


Name_____ (Printed)

Title

Signature_____

Date_____

_____

Subscribed and sworn before me this _____ day of _____, 20__.

Signature of Notary _____

This Agreement shall be sworn before a Notary Public and the Notary seal shall be affixed.